7/14/2019 8:56 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35106703
By: Nelson Cuero
Filed: 7/15/2019 12:00 AM

# 2019-47575 / Court: 234

CAUSE NO. _____

| | | |
|---|---|---|
| **SHERRY PRITCHARD** | § | **IN THE DISTRICT COURT** |
| | § | |
| **v.** | § | |
| | § | **OF HARRIS COUNTY, TEXAS** |
| **STATE FARM MUTUAL AUTOMOBILE** | § | |
| **INSURANCE COMPANY** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION, REQUESTS FOR DISCLOSURE TO DEFENDANT, INTERROGATORIES TO DEFENDANT, AND REQUESTS FOR PRODUCTION TO DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff SHERRY PRITCHARD (hereinafter "Plaintiff") complaining of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (hereinafter Defendant "STATE FARM"), and for cause of action would respectfully show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiff advises the Court and Defendant that this cause of action is governed by the rules for Expedited Actions under Texas Rules of Civil Procedure Rule 169 because Plaintiff is seeking only monetary relief of one-hundred thousand dollars or less including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys fees. Damages sought are within the jurisdictional limits of the court. Discovery is intended to be conducted under level 1 of Rule 190.2 of the Texas Rules of Civil Procedure.

### II.
### PARTIES

---

**PLAINTIFF'S ORIGINAL PETITION**                                    **Page 1**

# Exhibit B

2.1(a) Plaintiff SHERRY PRITCHARD is an individual residing in Harris County, Texas, and may be reached through the undersigned attorney.

2.2     Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY is an insurance company in good standing with the Texas Department of Insurance, which writes policies of auto insurance in the State of Texas. Defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY can be served with personal process by serving its registered agent, Corporation Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

### III.
### JURISDICTION AND VENUE

3.1     Jurisdiction is proper in this Court because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

3.2     Venue is proper in Harris County because all or part of the cause of action arose in Harris County, Texas, See TEX. CIV. PRAC. AND REM. CODE §15.002(a)(1).

3.3     This Court has personal jurisdiction over Defendant because it was doing business in the State of Texas.

3.4     Jurisdiction is proper in this Court because the amount in controversy exceeds the minimum jurisdictional limits of this Court. Plaintiffs seek monetary relief of one hundred thousand dollars or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorneys' fees.

### IV.
### STATEMENT OF FACTS

4.1     This is a petition for uninsured motorist benefits arising from an automobile accident which occurred on or about September 27, 2017 (hereinafter referred to as "the Collision") in Harris County, Texas.

4.2     At the time of the collision, SHERRY PRITCHARD was a beneficiary insured under Policy Number 3234-042-53A (hereafter "Insurance Policy") with STATE FARM. The Insurance Policy was in force and in effect at the time of the collision which forms the basis of this lawsuit and contained, among other coverages, coverage for Uninsured/Underinsured Motorist benefits in the amount of at least $100,000 per person, and $300,000 per accident applicable to this claim and this accident, and which are the subject of this lawsuit.

4.3     Pursuant to the Insurance Policy, STATE FARM promised to Plaintiff, all sums which STATE FARM is legally obligated to pay under the Insurance Policy, including loss caused by bodily injury resulting from the ownership, maintenance, or use of an uninsured/underinsured motor vehicle.

4.4     Plaintiff has complied with all conditions precedent in the policy to bring this claim.

4.5     At the time of the collision, Plaintiff was operating and occupying the automobile that is listed on the Insurance Policy with STATE FARM.  An uninsured motorist, ISAAC ORTEGA, caused a collision with Plaintiff's vehicle.

4.6     The uninsured motorist was not known to have a valid insurance policy, and therefore was an uninsured motorist at the time of the accident, and caused the accident with Plaintiff's vehicle.

4.7     As a direct result of the automobile collision, Plaintiff sustained serious, permanent and painful bodily injuries.

**V.**

## PLAINTIFF'S INJURIES AND DAMAGES

5.1     As a result of this occurrence, Plaintiff has suffered bodily injuries and damages. In addition, Plaintiff continues to suffer pain. These injuries have required reasonable and necessary medical treatment and procedures. Such injuries are permanent in nature and are, in reasonable probability, likely to continue into the future.

5.2     Plaintiff has suffered and seeks the following damages:

      a.     **Medical Expenses**: Plaintiff has incurred medical expenses. These expenses were incurred for reasonable and necessary care and treatment of these injuries. The charges incurred are reasonable and were the usual and customary charges for the same or similar services at the time and place rendered. Plaintiff also expects to incur additional expenses in the future in an amount within the jurisdictional limits of this Court;

      b.     **Physical Pain And Suffering**: Plaintiff has endured severe physical pain and suffering in the past and will continue to endure severe physical pain and suffering in the future;

      c.     **Mental Anguish**: Plaintiff has endured severe mental anguish in the past and will continue to endure severe mental anguish in the future;

      d.     **Loss of Earning Capacity**: Plaintiff has sustained a loss of net earnings in the past, and in reasonable probability, Plaintiff will sustain a loss of earning capacity in the future;

      e.     **Physical Impairment**: Plaintiff has suffered physical impairment in the past and will continue to suffer physical impairment in the future; and

5.3     By reason of the above and foregoing, Plaintiff has been damaged in a sum within the jurisdictional limits of this Court, for which Plaintiff hereby sues.

## VI.
## THE RIGHT TO SUPPLEMENT AND TO AMEND THIS PETITION

6.1     Plaintiff reserves the right to plead further injuries and acts of negligence subsequent to further discovery in this cause.

## VII.
## BACKGROUND REGARDING EXTRA-CONTRACTUAL CLAIMS

9.1     Plaintiff incorporates by reference the facts asserted above herein by reference.

9.2     On December 2, 2018, counsel for Plaintiff forwarded a demand for payment of the policy limits on the Uninsured Motorist claim.  STATE FARM acknowledged receipt of the demand letter, and after Plaintiff provided all of the necessary documentation requested, subsequently made an offer of settlement that was well below Plaintiff's medical bills. Despite receiving all of the items, statements, and forms required by the insurer,  STATE FARM has failed and refused to pay Plaintiff fully for the benefits to which Plaintiff is entitled to properly and fully compensate Plaintiff for damages under the Insurance Policy as a result of the accident. Such conduct is an unreasonable delay in payment of the claim.

## VIII.
## CHAPTER 541 TEXAS INSURANCE CODE:
## UNFAIR METHODS OF COMPETITION AND UNFAIR OR
## DECEPTIVE ACTS OR PRACTICES

10.1    Defendant STATE FARM has engaged in unfair methods of competition or unfair or deceptive acts or practices in the handling of Plaintiffs' underinsured motorist claim. STATE FARM has violated § 541.060 of the Texas Insurance Code by:

PLAINTIFF'S ORIGINAL PETITION – Page 5

1. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear; and
2. Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's offer of a compromise settlement of a claim;

10.2    Pursuant to § 541.151 of the Texas Insurance Code, a person who sustains actual damages may bring an action against another person for those damages caused by the other person engaging in an act or practice, and pursuant to § 541.152, Plaintiff may obtain relief including the amount of actual damages, plus court costs and reasonable and necessary attorneys' fees.

## IX.
## ATTORNEYS' FEES ON EXTRA-CONTRACTUAL CLAIMS

12.1    As a result of the conduct of STATE FARM as described above, Plaintiff has been forced to retain legal counsel. The contract provides for usual and customary, reasonable and necessary, and just and equitable attorneys' fees.

## X.
## NOTICE OF SELF-AUTHENTICATION OF DOCUMENTS

13.1    Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, this shall serve as written notice of the Plaintiffs' intent to self-authenticate any and all documents produced in discovery, and that such documents may be used against the party producing same at any pre-trial proceeding, hearing and at the time of any trial, post-trial matter or appeal regarding this case.

## XI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff have and recover of and from Defendant damages as alleged, jointly and severally, with prejudgment and post-judgment

interest, costs of Court, attorney's fees, and such other and further relief, general and special, at law or in equity, as Plaintiff may be entitled to receive.

## XII.
## REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff, requests that Defendant disclose within fifty (50) days of service of this request, the information or material described in Rule 194.2.

## XIII.
## INTERROGATORIES AND REQUESTS FOR PRODUCTION

TO:      Defendants STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, by and through their attorney of record and registered agent at the time said Defendants are served with this lawsuit.

Pursuant to Rules 196 and 197 of the Texas Rules of Civil Procedure, Plaintiff hereby serves upon each Defendant these Interrogatories and Requests for Production to require Defendant to answer and produce for inspection and/or photocopying at the offices of Plaintiff's attorney or at a mutually convenient location on or before fifty (50) days from the receipt hereof.

## A. INSTRUCTIONS

1.      For each document or other requested information that you assert is privileged or for any other reason excludable from discovery, identify that document or other requested information. State the specific grounds for the claim of privilege or other ground for exclusion. Also, for each document, state the date of the document, the name, job title, and

**PLAINTIFF'S ORIGINAL PETITION – Page 7**

address of the person who prepared it, the name, address, and job title of the person to whom it was addressed or circulated or who saw it; the name, job title, and address of the person now in possession of the document; and a description of the subject matter of the document.

2.      For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reason(s) for the disappearance.  Also, identify each person having knowledge about the disposition or loss of and identify each document evidencing the existence or nonexistence of each document that cannot be located.

## B. DEFINITIONS

1.      "Defendant" means the Party to whom this discovery is propounded.

2.      "You" and "Your" means the Party to whom this discovery is propounded, its agents, representatives and all other persons acting in concert with it, or under its control, whether directly or indirectly.

3.      "Document(s)" means all written, typed, or printed matter and all magnetic or other records or documentation of any kind or description (including, without limitation, letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records, or notations, of telephone or personal conversations, conference, inter-office communications, E-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer print-outs and work sheets), including draft and copies not identical to the original, all photographs and graphic matter, however produced or reproduced, and all

compilations of data from which information can be obtained, and any and all writing or recordings of any type or nature, in your actual possession, custody, or control, including those in the possession, custody or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you."

4.        "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity.

5.        "Concerning" means in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

6. "Communication" means any oral or written communication of the Defendant or his agents, representatives, and all other persons acting in concert with Defendant or under Defendant's control, whether directly or indirectly.

7.        The word "and" means "and/or".

8.        The word "or" means "and/or".

9.        You are requested to produce your documents as they are kept in the ordinary course of business or organized and labeled to correspond to the categories in the Request.

10.        When used herein, the phrase or word "incident" or "accident" refers to the automobile accident that occurred on **SEPTEMBER 27, 2017**, which Plaintiff was involved in.

11.        When used herein, the phrase or word "claim" or "claims" refers to the claim for benefits asserted by the Plaintiff to recover from injuries stemming from the accident that occurred on **SEPTEMBER 27, 2017** which the Plaintiff was involved in.


## INTERROGATORIES


**PLAINTIFF'S ORIGINAL PETITION – Page 9**

**INTERROGATORY NO. 1**

Give the name of the person(s) providing information for these interrogatories and requests for production and for each such person state which interrogatory and request for production he or she provided information for.

ANSWER:

**INTERROGATORY NO. 2**

Give the name, residential address, employer, residential telephone number, employment telephone number, and title for each person who investigated Plaintiff's claims.

ANSWER:

**INTERROGATORY NO. 3**

Give the name, residential address, employer, residential telephone number, employment telephone number, and title for each person who communicated with Plaintiff at your instruction regarding Plaintiff's claims of injuries resulting from an incident and requests for insurance policy benefits.

ANSWER:

**INTERROGATORY NO. 4**

If you contend that the injuries complained of did not take place as claimed by Plaintiff, describe the factual basis for that claim.

ANSWER:

## INTERROGATORY NO. 5

If you contend that Plaintiff committed fraud and/or made material misrepresentations regarding the auto accident and resulting injuries, and her claim for policy benefits, describe the factual basis for that claim.

ANSWER:

## INTERROGATORY NO. 6

If you contend that Plaintiff was part of, arranged, or were involved intentionally causing the accident, state the factual basis for that contention.

ANSWER:

## INTERROGATORY NO. 7

If you contend that Plaintiff's damages are exaggerated, state the factual basis for that contention.

ANSWER.

**PLAINTIFF'S ORIGINAL PETITION – Page 11**

**INTERROGATORY NO. 8**

If you contend that Plaintiff has not suffered injuries, state the factual basis for that contention.


ANSWER:


**INTERROGATORY NO. 9**

Fully detail the factual basis for your denial of the full policy limits afforded to Plaintiff under the policy in question. In your answer please detail each and every provision contained in the policy that supports your denial.


ANSWER:


**INTERROGATORY NO. 10**

If it is your contention that Plaintiff violated any part of the subject policy please detail each and every provision contained in the policy that Plaintiff violated and each and every fact that supports your contention.


ANSWER:


**INTERROGATORY NO. 11**


**PLAINTIFF'S ORIGINAL PETITION – Page 12**

If it is your contention that Plaintiff violated any part of the Texas Insurance Code, please detail each and every provision section in the statute that Plaintiff violated and each and every fact that supports your contention.

ANSWER:

**INTERROGATORY NO. 12**

Please detail each and every fact that proves that Defendant did not violate Article 542 § 542.003 of the Texas Insurance Code.

ANSWER:

**INTERROGATORY NO. 13**

If you contend that Plaintiff's injuries existed before the accident that constitutes the underlying basis of this lawsuit, state the factual basis for that contention.

ANSWER:

**INTERROGATORY NO. 14**

Please identify any previously recovered amounts you claim Plaintiff has received from Defendant or other parties which would reduce or totally offset the amount Defendant owes to Plaintiff under the underinsured policy that forms the basis of this lawsuit. Please identify them by the party that made the payments, the amount of the payments and the date of said payments.

**PLAINTIFF'S ORIGINAL PETITION – Page 13**

ANSWER:


## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

All written policies informing your employees, adjustors and agents on how to investigate claims

of vehicle accidents and injuries resulting therefrom and how to conduct an investigation when

an agent believes that a fraudulent claim is being asserted.


RESPONSE:


### REQUEST NO. 2

All communications between you and Plaintiff.


RESPONSE:


### REQUEST NO. 3

All communications between you and all other entities relating to Plaintiff's claim.


RESPONSE:


### REQUEST NO. 4


**PLAINTIFF'S ORIGINAL PETITION – Page 14**

All communications between you and all other entities relating to Plaintiff's request for benefits under the Texas Automobile Insurance Policy in question.


RESPONSE:


**REQUEST NO. 5**


Your complete non-privileged claims file regarding the Plaintiff's claim.


RESPONSE:


**REQUEST NO. 6**

If you contend that Plaintiff committed fraud regarding their claim for policy benefits, produce all documents that are evidence of or support that contention.


RESPONSE:


**REQUEST NO. 7**

If you contend that the Plaintiff made false statements, concealed facts, or made material misrepresentations regarding their claim for policy benefits, produce all documents that are evidence of or support that contention.


RESPONSE:

**REQUEST NO. 8**

All photographs, newspaper articles, videotapes, motion pictures, drawings, sketches or diagrams which pertain to the claim which forms the basis of this lawsuit.

RESPONSE:

**REQUEST NO. 9**

All written procedures and guidelines used by your agents, adjustors and employees in investigating policy holders claims.

RESPONSE:

**REQUEST NO. 10**

All documents and things relating to bills and invoices you refused to pay arising from the subject incident.

RESPONSE:

**REQUEST NO. 11**

All documents and things relating to your reasons for rejecting Plaintiff's claims.

RESPONSE:

**PLAINTIFF'S ORIGINAL PETITION – Page 16**

**REQUEST NO. 12**

If you contend that Plaintiff made any misrepresentations regarding the facts of the claim, produce all documents relating to that contention.

RESPONSE:

**REQUEST NO. 13**

If you contend that Plaintiff has not suffered a loss as a result of the automobile accident, produce all documents supporting such contention

RESPONSE:

**REQUEST NO. 14**

Produce any and all documents that support and/or prove the basis for your denial of the full policy limits afforded to Plaintiff under the policy in question.

RESPONSE:

**REQUEST NO. 15**

Produce any and all documents that support and/or prove your contention that the Plaintiff violated any part of the subject policy please detail each and every provision contained in the policy that Plaintiff violated and each and every fact that supports your contention.

RESPONSE:

Respectfully submitted,

**PM LAW FIRM, PLLC.**


/s/ John Papapavlou

John Papapavlou
State Bar No. 24059061
Porya Mostaghimi
State Bar No. 24065797
19333 Highway 59 N., Suite 190
Humble, Texas 77338
Phone:          (281) 968-9529
Facsimile:      (281) 520-4246
john@pmtxlaw.com
porya@pmtxlaw.com

**ATTORNEYS FOR PLAINTIFF**

22/2019 3:31 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35323801
By: bradley darnell
Filed: 7/22/2019 3:31 PM

CAUSE NO.   201947575

RECEIPT NO.                           0.00      CIV
            **********              TR # 73645655

PLAINTIFF: PRITCHARD, SHERRY                    In The   234th
          vs.                                   Judicial District Court
DEFENDANT: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY    of Harris County, Texas
                                                234TH DISTRICT COURT
                                                Houston, TX

                              CITATION

THE STATE OF TEXAS
County of Harris


TO: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY BY SERVING ITS
    REGISTERED AGENT CORPORATION SERVICE COMPANY
    211  E 7TH STREET SUITE 620   AUSTIN  TX  78701 - 3218

    Attached is a copy of PLAINTIFFS ORIGINAL PETITION REQUESTS FOR DISCLOSURE TO DEFENDANT
INTERROGATORIES TO DEFENDANT AND REQUESTS FOR PRODUCTION TO DEFENDANT

This instrument was filed on the 15th day of July, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 15th day of July, 2019, under my hand and
seal of said Court.

Issued at request of:                           MARILYN BURGESS, District Clerk
PAPAPAVLOU, JOHN                                Harris County, Texas
19333 HWY 59 N. SUITE 190                       201 Caroline, Houston, Texas 77002
HUMBLE, TX  77338                               (P.O. Box 4651, Houston, Texas 77210)
Tel: (281) 968-9529
Bar No.: 24059061                               Generated By: CUERO, NELSON  7MM//11275416

                    OFFICER/AUTHORIZED PERSON RETURN
Came to hand at _____ o'clock ____.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $ _____                      _____

                                   _____ of _____County, Texas

_____         By _____
        Affiant                              Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

## CAUSE NO. 2019-47575

**SHERRY PRITCHARD**
**VS.**

**IN THE 234TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS**

**STATE FARM MUTUAL**
**AUTOMOBILE INSURANCE**
**COMPANY**

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, *Barbara C. Stinnett* (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is *Barbara C. Stinnett* (SERVER), I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: *P.O. Box 684627, Austin TX 78768*
(SERVER'S ADDRESS)

2. ON _07/17/19_ (DATE) AT _04: 13_ (P) M (TIME)
CITATION, PLAINTIFF'S ORIGINAL PETITION REQUEST FOR DISCLOSURE TO DEFENDANT, INTERROGATORIES TO DEFENDANT , REQUEST FOR PRODUCTION TO DEFENDANT came to hand for delivery to STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY .

3. ON _07/19/19_ (DATE) AT _12 30_ (P) M (TIME) - The above named documents were delivered to: STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY by delivering to
*Vanessa Hernandez - Designated agent*
(NAME AND TITLE), authorized agent for service @
*211 E. 7th Street, #620, Austin TX 78701*
(ADDRESS), by CORPORATE Service

SIGNATURE
PSC# _1181_ EXPIRATION: _07/31/20_

AFFIANT PRINTED NAME
SWORN TO AND SUBSCRIBED before me by *Barbara C. Stinnett* appeared on this _19_ day of
_July_, 2019 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

2019.07.394134

MICHAEL R STINNETT
Notary ID #126498663
My Commission Expires
December 3, 2022